IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

BRIAN A. MORRIS,
    Petitioner,

vs.                                          Case No. 3:08cv223/RV/EMT

EDWIN G. BUSS,[1]
    Respondent.
_____/

### ORDER and REPORT AND RECOMMENDATION

This cause is before the court on Petitioner's petition for writ of habeas corpus filed under 28 U.S.C. § 2254 (Doc. 1). Respondent filed an answer and relevant portions of the state court record (Doc. 13). Petitioner filed a reply (Doc. 20).

The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N. D. Fla. Loc. R. 72.2(b). After careful consideration of all issues raised by Petitioner, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rules Governing Section 2254 Cases 8(a). It is further the opinion of the undersigned that the pleadings and attachments before the court show that Petitioner is not entitled to relief.

I.    BACKGROUND AND PROCEDURAL HISTORY

The relevant aspects of the procedural background of this case are undisputed and established by the state court record (*see* Doc. 13, Exhibits).[2] On September 3, 1991, Petitioner was charged

---

[1] Edwin G. Buss succeeded Walter A. McNeil as Secretary for the Department of Corrections, and is automatically substituted as Respondent. *See* Fed. R. Civ. P. 25(d)(1).

[2] Hereinafter all citations to the state court record refer to the exhibits submitted with Respondent's answer (Doc. 13).

in the Circuit Court for Okaloosa County, Florida, Case No. 91-1351, with one count of grand theft, a third degree felony (Ex. F at 14–15). On January 24, 1992, Petitioner entered a conditional plea agreement pursuant to which he agreed to enter a plea of nolo contendere to the charge, as well as the charges in Case No. 91-1095, Case No. 91-1121, and Case No. 91-1352, on the condition that the court sentence him as a habitual felony offender ("HFO") to total term of incarceration of twenty (20) years or less (although the parties agreed that the State would recommend an HFO sentence of thirty (30) years) (*id.* at 23–24). The court accepted Petitioner's plea on January 27, 1992 (*id.* at 163–66). On March 17, 1992, the trial court adjudicated Petitioner guilty and sentenced him as a HFO in Case No. 91-1351 to ten (10) years of imprisonment, with pre-sentence credit of 210 days, to run concurrently with the twenty-year HFO sentence imposed in Case No. 91-1095 (*id.* at 114–19, 140–51, 167–72). Petitioner's total term of incarceration in Cases 91-1095, 91-1121, 91-1351, and 91-1352 did not exceed twenty (20) years (*id.* at 40–148, 167–72).

Petitioner, through counsel, appealed the judgments in all four cases to the Florida First District Court of Appeal ("First DCA") (Ex. F at 156, 161–62). On March 5, 1993, the First DCA affirmed the judgments per curiam without written opinion, with the mandate issuing March 23, 1993 (Exs. G, H). Morris v. State, 615 So. 2d 161 (Fla. 1st DCA 1993) (Table). Petitioner did not seek further review.

On February 12, 2007, Petitioner filed a motion to correct illegal sentence, pursuant to Rule 3.800(a) of the Florida Rules of Criminal Procedure (Ex. J at 1–3). In an order rendered August 3, 2007, the trial court granted the motion in part (*id.* at 15–18). That same day, Petitioner filed an amended Rule 3.800(a) motion (*id.* at 53–56). On August 8, 2007, he filed a motion for reconsideration, wherein he sought reconsideration of the court's August 3 order (*id.* at 62–64). On August 14, 2007, the trial court denied Petitioner's amended Rule 3.800(a) motion (*id.* at 69–70), and on August 15, 2007, the court denied Petitioner's motion for reconsideration (*id.* at 72–77). On August 22, 2007, Petitioner filed a motion to correct sentencing error, pursuant to Rule 3.800(b) of the Florida Rules of Criminal Procedure, contending that the court erred by granting his Rule 3.800(a) motion in part and directing the clerk of court to enter an Amended Judgment and Sentence in Case No. 91-1351 without his presence or representation by counsel (*id.* at 78–81). The trial court summarily denied the Rule 3.800(b) motion in an order rendered September 4, 2007 (*id.* at 84–93).

Petitioner appealed the decision to the First DCA (*id.* at 98, Ex. K). On April 17, 2008, the First DCA affirmed per curiam without written opinion, with the mandate issuing May 13, 2008 (Exs. I, M). Morris v. State, 980 So. 2d 494 (Fla. 1st DCA 2008) (Table).

Petitioner filed the instant federal habeas action on May 28, 2008 (Doc. 1). Respondent concedes that the petition is timely (Doc. 13 at 8–9).

II. STANDARD OF REVIEW

Section 2254(a) of Title 28 provides that "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court" upon a showing that his custody is in violation of the Constitution or laws of the United States. As the instant petition was filed after April 24, 1996, it is subject to the more deferential standard for habeas review of state court decisions under § 2254 as brought about by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). Pub.L. 104-132, § 104, 110 Stat. 1214, 1218-19. In relevant part, section 2254(d) now provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C.A. § 2254 (2002).

The United States Supreme Court explained the framework for § 2254 review in Williams v. Taylor, 529 U.S. 362, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000).[3] The appropriate test was described by Justice O'Connor as follows:

---

[3] Unless otherwise noted, references to Williams are to the majority holding, written by Justice Stevens for the Court (joined by Justices O'Connor, Kennedy, Souter, Ginsburg, and Breyer) in parts I, III, and IV of the opinion (529 U.S. at 367–75, 390–99); and Justice O'Connor for the Court (joined by Justices Rehnquist, Kennedy, Thomas, and—except as to the footnote—Scalia) in part II (529 U.S. at 403–13). The opinion of Justice Stevens in Part II was joined by Justices Souter, Ginsburg, and Breyer.

> In sum, § 2254(d)(1) places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court. Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied—the state court adjudication resulted in a decision that (1) "was contrary to . . . clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of . . . clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Id.*, 529 U.S. at 412–13 (O'Connor, J., concurring); Ramdass v. Angelone, 530 U.S. 156, 120 S. Ct. 2113, 2119–20, 147 L. Ed. 2d 125 (2000). In employing this test, the Supreme Court has instructed that on any issue raised in a federal habeas petition upon which there has been an adjudication on the merits in a formal State court proceeding, the federal court should first ascertain the "clearly established Federal law," namely, "the governing legal principle or principles set forth by the Supreme Court at the time the state court render[ed] its decision." Lockyer v. Andrade, 538 U.S. 63, 71–72, 123 S. Ct. 1166, 155 L. Ed. 2d 144 (2003). The law is "clearly established" if Supreme Court precedent at the time "would have compelled a particular result in the case." Neelley v. Nagle, 138 F.3d 917, 923 (11th Cir. 1998), *overruled on other grounds by* Parker v. Head, 244 F.3d 813, 835 (11th Cir. 2001).

Next, the court must determine whether the State court adjudication is contrary to the clearly established Supreme Court case law, either because "'the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases' or because 'the state court confronts a set of facts that are materially indistinguishable from a decision of th[e] [Supreme] Court and nevertheless arrives at a result different from [Supreme Court] precedent.'" Lockyer, 538 U.S. at 73 (quoting Williams, 529 U.S. at 405–06). The Supreme Court has clarified that "[a]voiding these pitfalls does not require citation to our cases—indeed, it does not even require awareness of our cases, so long as neither the reasoning nor the result of the state-court decision contradicts them."

Early v. Packer, 537 U.S. 3, 8, 123 S. Ct. 362, 365, 154 L. Ed. 2d 263 (2002) (quoting Williams, 529 U.S. at 405–06). If the State court decision is found in either respect to be contrary, the district court must independently consider the merits of the petitioner's claim.

If on the other hand, the State court applied the correct Supreme Court precedent and the facts of the Supreme Court cases and the petitioner's case are not materially indistinguishable, the court must go to the third step and determine whether the State court "unreasonably applied" the governing legal principles set forth in the Supreme Court's cases. The standard for an unreasonable application inquiry is "whether the state court's application of clearly established federal law was objectively unreasonable." Williams, 529 U.S. at 409. Whether a State court's decision was an unreasonable application of legal principle must be assessed in light of the record the court had before it. Holland v. Jackson, 542 U.S. 649, 652, 124 S. Ct. 2736, 2737–38, 159 L. Ed. 2d 683 (2004) (per curiam); *cf.* Bell v. Cone, 535 U.S. 685, 697 n.4, 122 S. Ct. 1843, 1851 n.4, 152 L. Ed. 2d 914 (2002) (declining to consider evidence not presented to state court in determining whether its decision was contrary to federal law). An objectively unreasonable application of federal law occurs when the State court "identifies the correct legal rule from Supreme Court case law but unreasonably applies that rule to the facts of the petitioner's case" or "unreasonably extends, or unreasonably declines to extend, a legal principle from Supreme Court case law to a new context." Putman v. Head, 268 F.3d 1223, 1241 (11th Cir. 2001). The State court's incorrect or erroneous application of clearly established law will be held to be reasonable and not warrant a writ so long as the State court adjudication results in a "satisfactory conclusion." Williams, 529 U.S. at 410–12.

Section 2254(d) also allows federal habeas relief for a claim adjudicated on the merits in State court where that adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). The Supreme Court has clarified that: "a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." Miller-El v. Cockrell, 537 U.S. 322, 340, 123 S. Ct. 1029, 1041, 154 L. Ed. 2d 931 (2003) (dictum).

When performing its review under § 2254(d), the federal court must bear in mind that any "determination of a factual issue made by a State court shall be presumed to be correct," and the

petitioner bears "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *see e.g.* Miller-El, 537 U.S. at 340 (explaining that a federal court can disagree with a state court's factual finding and, when guided by AEDPA, "conclude the decision was unreasonable or that the factual premise was incorrect by clear and convincing evidence"); Jones v. Walker, 469 F.3d 1216, 1226–27 (11th Cir. 2007) (holding that § 2254(d)(2)'s "unreasonable determination" standard "must be met by clear and convincing evidence," and concluding that that standard was satisfied where prisoner showed "clearly and convincingly" that the state court's decision "contain[ed] an 'unreasonable determination' of fact.").

Only if the federal habeas court finds that the petitioner satisfied AEDPA, and § 2254(d), does the court take the final step of conducting an independent review of the merits of the petitioner's claims. *See* Panetti v. Quarterman, 531 U.S. 930, 953, 127 S. Ct. 2842, 2858, 168 L. Ed. 2d 662 (2007); Jones, 469 F.3d 1216 (same). The writ will not issue unless the petitioner shows that he is in custody "in violation of the Constitution or laws and treaties of the United States." 28 U.S.C. § 2254(a).

III. EXHAUSTION AND PROCEDURAL DEFAULT

It is a long-standing prerequisite to the filing of a federal habeas corpus petition that the petitioner have exhausted available state court remedies, 28 U.S.C. § 2254(b)(1),[4] thereby giving the State the "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." Duncan v. Henry, 513 U.S. 364, 365, 115 S. Ct. 887, 888, 130 L. Ed. 2d 865 (1995) (quoting Picard v. Connor, 404 U.S. 270, 275, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971) (citation omitted)). To satisfy the exhaustion requirement, the petitioner must "fairly present" his claim in

---

[4]Section 2254 provides, in pertinent part:

(b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
    (A) the applicant has exhausted the remedies available in the courts of the State; or
    (B) (i) there is an absence of available State corrective process; or
        (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
. . . .
(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

each appropriate state court, alerting that court to the federal nature of the claim. Duncan, 513 U.S. at 365–66; O'Sullivan v. Boerckel, 526 U.S. 838, 845, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999); Picard, 404 U.S. at 277–78.

The Supreme Court has provided lower court with guidance for determining whether a habeas petitioner has met the "fair presentation" requirement. In Picard v. Connor, the Court held that, for purposes of exhausting state remedies, a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief. 404 U.S. at 277. In announcing that "the substance of a federal habeas corpus claim must first be presented to the state courts," *id.*, 404 U.S. at 278, the Court rejected the contention in that case that the petitioner satisfied the exhaustion requirement by presenting the state courts only with the facts necessary to state a claim for relief.

Additionally, the Court has indicated that it is not enough that a petitioner make a general appeal to a constitutional guarantee as broad as due process to present the "substance" of such a claim to a state court. Anderson v. Harless, 459 U.S. 4, 103 S. Ct. 276, 74 L. Ed. 2d 3 (1982). In Anderson, the habeas petitioner was granted relief by the Sixth Circuit Court of Appeals on the ground that a jury instruction violated due process because it obviated the requirement that the prosecutor prove all the elements of the crime beyond a reasonable doubt. 459 U.S. at 7 (citing Sandstrom v. Montana, 442 U.S. 510, 99 S. Ct. 2450, 61 L. Ed. 2d 39 (1979)). The only manner in which the habeas petitioner cited federal authority was by referring to a state court decision in which "the defendant . . . asserted a broad federal due process right to jury instructions that properly explain state law." Anderson, 459 U.S. at 7 (internal quotation marks omitted). The Court expressed doubt that a defendant's citation to a state-court decision predicated solely on state law was sufficient to fairly apprise a reviewing court of a potential federal claim merely because the defendant in the cited case advanced a federal claim. *Id.*, 459 U.S. at 7 and n.3. Furthermore, the Court clarified that such a citation was obviously insufficient when the record satisfied the federal habeas court that the federal claim asserted in the cited case was not the same as the federal claim on which federal habeas relief was sought. *Id.*

Years later, the Supreme Court readdressed the "fair presentation" requirement in Duncan v. Henry, 513 U.S. 364. The Duncan Court strictly construed the exhaustion requirement so as to

mandate that, if state and federal constitutional law overlap in their applicability to a petitioner's claim, the petitioner must raise his issue in terms of the applicable federal right in state court in order to obtain federal review of the issue.[5] The Supreme Court explained, "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal, but in state court." Duncan, 513 U.S. at 365–66. More recently, the Supreme Court again focused upon the requirement of "fair presentation," holding that "ordinarily a state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so." Baldwin v. Reese, 541 U.S. 27, 124 S. Ct. 1347, 1351, 158 L. Ed. 2d 64 (2004). In Baldwin, the Supreme Court recognized that "[a] litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state-court petition or brief, for example, by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal.'" *Id.*, 541 U.S. at 32. This language, while not part of the Court's holding, provides helpful instruction. With regard to this language, the Eleventh Circuit explained in McNair v. Campbell, 416 F.3d 1291 (11th Cir. 2005):

> If read in a vacuum, this dicta might be thought to create a low floor indeed for petitioners seeking to establish exhaustion. However, we agree with the district court that this language must be "applied with common sense and in light of the purpose underlying the exhaustion requirement[:] 'to afford the state courts a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary.'" McNair [v. Campbell], 315 F. Supp. 2d at 1184 (quoting Vasquez v. Hillery, 474 U.S. 254, 257, 106 S. Ct. 617, 620, 88 L. Ed. 2d 598 (1986)). This is consistent with settled law established by the Supreme Court. . . . We therefore hold that "'[t]he exhaustion doctrine requires a habeas applicant to do more than scatter some makeshift needles in the haystack of the state court record.'"

416 F.3d at 1302-03 (citations omitted).[6]

---

[5] The petitioner in Duncan raised a federal due process claim in his habeas petition, but had raised only a state constitutional claim in his state appeal. Presented with a state constitutional claim, the state court applied state law in resolving the appeal. 513 U.S. at 366.

[6] In his initial brief before the Court of Criminal Appeals, McNair cited one federal case in a string citation containing other state cases, and in a closing paragraph in his argument that extraneous materials were considered by the jury during deliberations, stated that there was a violation of his rights "protected by the Fifth, Sixth, Eighth[,] and

The Eleventh Circuit, prior to Duncan, had broadly interpreted the "fair presentation""requirement. After Duncan, however, the Eleventh Circuit has taken a more narrow approach. For example, in Zeigler v. Crosby, the court held that the habeas petitioner failed to "fairly present" his juror misconduct claims to the state courts where his brief to the state appellate court did not refer to the federal constitutional issues raised in his federal habeas petition, and none of the cases cited in his direct appeal discussed the United States Constitution. 345 F.3d 1300, 1307 (11th Cir. 2003). The Eleventh Circuit specifically noted that the section of the petitioner's appellate brief which dealt with juror misconduct contained the words: "Appellant was denied due process and a fair trial. . . .," which could be interpreted as asserting a fair trial claim under the Due Process Clause of the Florida Constitution. *Id.* at 1308 n.5. The only cases cited in the discussion of the issue in petitioner's state appellate brief were state supreme court cases that made no mention of the United States Constitution and cited no federal cases. The court concluded that petitioner's "[c]ursory and conclusional sentence (unaccompanied by citations to federal law), . . . did not present to the Florida courts the federal claim asserted to us." *Id.*

An issue that was not properly presented to the state court and which can no longer be litigated under state procedural rules is considered procedurally defaulted, that is, procedurally barred from federal review. *See* O'Sullivan, 526 U.S. at 839–40, 848; Bailey v. Nagle, 172 F.3d 1299, 1302–03 (11th Cir. 1999). This court will also consider a claim procedurally defaulted if it was presented in state court and rejected on the independent and adequate state ground of procedural bar or default. *See* Coleman v. Thompson, 501 U.S. 722, 734–35 and n.1, 111 S. Ct. 2546, 2555 and n.1, 115 L. Ed. 2d 640 (1991); Caniff v. Moore, 269 F.3d 1245, 1247 (11th Cir. 2001) ("[C]laims that have been held to be procedurally defaulted under state law cannot be addressed by federal courts."); Chambers v. Thompson, 150 F.3d 1324, 1326–27 (11th Cir. 1998) (applicable state procedural bar should be enforced by federal court even as to a claim which has never been presented to a state court); *accord* Tower v. Phillips, 7 F.3d 206, 210 (11th Cir. 1993); Parker v.

---

Fourteenth Amendments to the United States Constitution, the Alabama Constitution[,] and Alabama law." McNair v. Campbell, 416 F.3d 1291, 1303 (11th Cir. 2005). The court found that these references to federal law were not sufficient to meet the fair presentment requirement and noted that it was important that the petitioner had never mentioned the federal standards regarding extraneous materials in his brief, but relied on state law for his arguments. *Id.*

Dugger, 876 F.2d 1470 (11th Cir. 1990), *rev'd on other grounds*, 498 U.S. 308, 111 S. Ct. 731, 112 L. Ed. 2d 812 (1991). In the first instance, the federal court must determine whether any future attempt to exhaust state remedies would be futile under the state's procedural default doctrine. Bailey, 172 F.3d at 1303. In the second instance, a federal court must determine whether the state's procedural default ruling rested on adequate state grounds independent of the federal question. *See* Harris v. Reed, 489 U.S. 255, 109 S. Ct. 1038, 1043, 103 L. Ed. 2d 308 (1989). The adequacy of a state procedural bar to the assertion of a federal question is itself a federal question. Lee v. Kemna, 534 U.S. 362, 122 S. Ct. 877, 885, 151 L. Ed. 2d 820 (2002). The adequacy requirement has been interpreted to mean that the rule must be "firmly established and regularly followed," Siebert v. Allen, 455 F.3d 1269, 1271 (11th Cir. 2006), that is, not applied in an "arbitrary or unprecedented fashion," Judd v. Haley, 250 F.3d 1308, 1313 (11th Cir. 2001), or in a manifestly unfair manner. Ford v. Georgia, 498 U.S. 411, 424-25, 111 S. Ct. 850, 858, 112 L. Ed. 2d 935 (1991); Upshaw v. Singletary, 70 F.3d 576, 579 (11th Cir. 1995).

The Eleventh Circuit has set forth a three-part test to determine whether a state court's procedural ruling constitutes an independent and adequate state rule of decision. Judd v. Haley, 250 F.3d 1308, 1313 (11th Cir. 2001). First, the last state court rendering judgment must clearly and expressly state it is relying on state procedural rules to resolve the federal claim.[7] Second, the state court's decision on the procedural issue must rest entirely on state law grounds and not be intertwined with an interpretation of federal law. Third, the state procedural rule must be adequate. *Id.* The adequacy requirement has been interpreted to mean the rule must be firmly established and regularly followed, that is, not applied in an arbitrary or unprecedented fashion. *Id.*

To overcome a procedural default such that the federal habeas court may consider the merits of a claim, the petitioner must show cause and prejudice or a fundamental miscarriage of justice. Tower, 7 F.3d at 210; Parker, 876 F.2d 1470. "For cause to exist, an external impediment, whether it be governmental interference or the reasonable unavailability of the factual basis for the claim, must have prevented petitioner from raising the claim." McCleskey v. Zant, 499 U.S. 467, 497, 111 S. Ct. 1454, 1472, 113 L. Ed. 2d 517 (1991) (quoting Murray v. Carrier, 477 U.S. 478, 488, 106 S.

---

[7] The federal court should honor the procedural bar even if the state court alternatively reviewed the claim on the merits. Marek v. Singletary, 62 F.3d 1295, 1302 (11th Cir. 1995); Alderman v. Zant, 22 F.3d 1541 (11th Cir. 1994).

Ct. 2639, 2645, 91 L. Ed. 2d 397 (1986)). Lack of counsel or ignorance of available procedures is not enough to establish cause. Tower, 7 F.3d at 210. To satisfy the miscarriage of justice exception, the petitioner must show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." Schlup v. Delo, 513 U.S. 298, 327, 115 S. Ct. 85, 130 L. Ed. 2d 808 (1995). "To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him." Schlup, 513 U.S. at 327. Further:

> a substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare. To be credible, such a claim requires [a] petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial.

*Id.*

Within this framework, the court will review Petitioner's claim.

IV.  PETITIONER'S CLAIM

Ground One: "Petitioner was sentenced in absentia and without counsel in violation of his rights under the Fifth and Sixth Amendments, U.S. Const."

Petitioner contends the trial court violated his constitutional rights by resentencing him in Case No. 91-1351 (upon granting his Rule 3.800(a) motion as to his sentence in that case on the ground that the HFO enhancement was illegal) without Petitioner's presence or the presence of counsel on his behalf (Doc. 1 at 4). He asserts he exhausted this claim by presenting it in his Rule 3.800(b) motion and in his initial brief on appeal of the trial court's final order granting in part his Rule 3.800(a) motion and denying his 3.800(b) motion (*id.*).

Respondent contends Petitioner failed to exhaust this claim in the state courts because he failed to fairly present it as a federal constitutional issue in his initial brief on appeal of the trial court's denial of his Rule 3.800 motions (Doc. 13 at 9–11). Furthermore, Petitioner cannot properly return to state court to file a second appeal of his Rule 3.800 motions (*id.* at 11). Therefore, his claim is procedurally defaulted (*id.* at 11–12). Respondent contends Petitioner has failed to show cause for the procedural default or that prejudice would result from this court's failure to review the claim; therefore, the claim is barred from federal review (*id.* at 12). Respondent additionally contends that even if this court deemed the claim exhausted, Petitioner has failed to show that the state court's adjudication of the claim was based upon an unreasonable determination of the facts,

or contrary to or an unreasonable application of clearly established Supreme Court law.  Therefore, Petitioner is not entitled to habeas relief (*id.* at 12–17).

Initially, it is well established in the Eleventh Circuit that a § 2254 court is not an appropriate forum for a prisoner wishing to challenge the process afforded him in state collateral proceedings.  This is so, because such a claim represents an attack on a proceeding collateral to the prisoner's confinement and not the confinement itself.  *See* Quince v. Crosby, 360 F.3d 1259, 1261–62 (11th Cir. 2004) (affirming district court's denial of habeas relief based on state court judge's refusal to recuse himself from the Rule 3.850 hearing, explaining "while habeas relief is available to address defects in a criminal defendant's conviction and sentence, an alleged defect in a collateral proceeding does not state a basis for habeas relief."); Spradley v. Dugger, 825 F.2d 1566, 1568 (11th Cir. 1987) (per curiam) (concluding that § 2254 claim that petitioner's due process rights were violated when state post-conviction court held no evidentiary hearing and failed to attach appropriate portions of record to its opinion "goes to issues unrelated to the cause of petitioner's detention [and] does not state a basis for habeas relief").  In the instant case, the state collateral proceeding where the alleged constitutional violation occurred was not part of the direct review process of Petitioner's conviction; rather, Petitioner's direct appeal to the First DCA in Morris v. State, 615 So. 2d 161 (Fla. 1st DCA 1993) was the direct review proceeding.  Moreover, it is well settled that there is no federal constitutional right to counsel in post-conviction proceedings.  *See* Pennsylvania v. Finley, 481 U.S. 551, 555, 107 S. Ct. 1990, 95 L. Ed. 2d 539 (1987); Barbour v. Haley, 471 F.3d 1222, 1227–28 (11th Cir. 2006); Fowler v. Jones, 899 F.2d 1088 (11th Cir. 1990). Therefore, Petitioner's constitutional challenge to the process and lack of counsel in the state collateral proceeding does not provide a basis for federal habeas relief.

Even if Petitioner's claim was cognizable in federal habeas, he has failed to demonstrate he is entitled to relief.  With regard to Respondent's exhaustion argument, the undersigned concludes that Petitioner fairly presented a federal constitutional claim to the state courts.  In Petitioner's Rule 3.800(b) motion, he argued the trial court violated his Fifth and Sixth Amendment rights by resentencing him in absentia and without counsel upon granting his Rule 3.800(a) motion on the ground that the HFO enhancement to his sentence in Case No. 91-1351 was illegal (Ex. J at 78–81). In his initial brief on appeal of the trial court's denial of his Rule 3.800 motions he argued that the

trial court deprived him of his fundamental constitutional right to be present and represented by counsel at resentencing (Ex. K at 6–8). Petitioner cited Gonzalez v. State, 838 So. 2d 1242 (Fla. 1st DCA 2003) in support of his claim (*id.*).

In Gonzalez, the defendant challenged his new sentence upon resentencing on the ground that he was denied counsel at the resentencing hearing. 838 So. 2d at 1243. The court decided the case on the following grounds:

> Although the issue of Appellant's lack of representation during the re-sentencing hearing was not properly preserved for appeal, the denial of the right to counsel is fundamental error. *See* Tyler v. State, 710 So. 2d 645 (Fla. 4th DCA 1998) (holding that the denial of the right to counsel is fundamental error); *see also* May v. State, 623 So. 2d 601, 603 (Fla. 2d DCA 1993) (stating that the Sixth Amendment right to counsel is a fundamental right). Once a trial court determines that a defendant's sentence is illegal and the defendant is entitled to re-sentencing, the full panoply of due process considerations attaches. *See* State v. Scott, 439 So.2d 219, 220 (Fla. 1983). Sentencing is a critical stage of the criminal proceedings; thus, a sentencing hearing is mandatory. *See id.* at 221. As such, an indigent defendant is entitled to appointment of counsel at re-sentencing. *See id.*; *see also* McDonald v. State, 679 So. 2d 1273 (Fla. 1st DCA 1996).
>
> The lack of representation is not a sentencing error, but rather a due process error. Thus, Appellant may properly raise this issue on appeal. *Cf.* Harvey v. State, 786 So. 2d 28 (Fla. 1st DCA 2001) (holding that unpreserved sentencing errors will not be entertained on appeal after the adoption of rule 3.800(b)). Regardless of whether Appellant requested 122 months in his original motion, he did not expressly waive his right to appointed counsel. There is no waiver of counsel in the record, therefore, the trial court erred in failing to appoint counsel at the re-sentencing hearing. Such error is never harmless. *See* Holloway v. Arkansas, 435 U.S. 475, 98 S. Ct. 1173, 1181, 55 L. Ed. 2d 426 (1978) ("The right to have the assistance of counsel is too fundamental and absolute to allow courts to indulge in nice calculations as to the amount of prejudice arising from its denial.") (citations omitted); State v. DiGuilio, 491 So. 2d 1129, 1137 (Fla. 1986) ("Denial of counsel is always harmful, regardless of the strength of the admissible evidence, and can be properly categorized as per se reversible.").

838 So. 2d at 1243. Gonzalez may be reasonably characterized as "a case deciding such a claim on federal grounds." Baldwin, 541 U.S. at 32. Therefore, the undersigned concludes that Petitioner fairly presented his federal constitutional claim in the state courts. Having determined that Petitioner satisfied the exhaustion requirement of § 2254(b)(1), the court will determine whether Petitioner has demonstrated that the state courts' adjudication of the claim resulted in a decision that

was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d).

In Petitioner's Rule 3.800(a) motion, he claimed that his sentence in Case No. 91-1351 was illegal because the offense conduct occurred prior to the effective date of the re-enactment of the HFO statute (Ex. J at 1–2). He also challenged the HFO enhancement in Case Nos. 91-1095, 91-1121, and 91-1352 on the ground that the out-of-state felony convictions used to enhance his sentences were not qualifying offenses under Florida's HFO statute, Fla. Stat. § 775.084(1)(c) (1991) (*id.* at 1–3). The State filed a response conceding that Petitioner's HFO sentence in Case No. 91-1351 was unlawful, but contending that his HFO sentences in the other cases were legal (*id.* at 6–7). In Petitioner's reply, he requested the following:

> This Court enter a *nunc pro tunc* order resentencing [him] to concurrent guidelines sentences of 20 years in prison on each first degree felony and 5 years in prison on each third degree felony [the crime of which he was convicted in Case No. 91-1351 was a third degree felony], which would be consistent with the negotiated plea and constitute a waiver of the defendant's right to be physically present for the resentencing.

(*id.* at 9).

In the state circuit court's written opinion, the court granted the Rule 3.800(a) motion in part (Ex. J at 17). The court determined that Petitioner was not eligible for a HFO sentence in Case No. 91-1351 and, therefore, granted the motion to the extent that the HFO sentence in that case was illegal (*id.*). The court re-sentenced Petitioner in that case to five (5) years of imprisonment, with credit for time served, to run concurrently with his sentences in the other cases (*id.*). The court directed the clerk to prepare and file an Amended Judgment and Sentence in Case No. 91-1351, in accordance with its order (*id.*). The court denied Petitioner's Rule 3.800(a) motion in all other respects (*id.*). Within the time allowed for Petitioner to appeal the state court's order, he filed a Rule 3.800(b) motion arguing that he was erroneously re-sentenced in absentia and without counsel, in violation of his Fifth and Sixth Amendment rights (*id.* at 78–81). He contended that the waiver of his right to be present for resentencing was conditioned upon the court's re-sentencing him to concurrent guidelines sentences in each of his four cases (without HFO enhancements), which did

not occur (*id.* at 79). The state circuit court rejected this argument and determined that Petitioner's waiver of his right to be present for re-sentencing was clear as to his five-year sentence on each third degree felony (one of which was his offense in Case No. 91-1351) (*id.* at 85). That decision was affirmed by the First DCA. While the affirmance was a per curiam opinion without reasoning, this court presumes that the First DCA's decision affirms the reasoning, as well as the judgment of the lower court. "'Where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground.'" Sweet v. Sec'y Dept. of Corrs., 467 F.3d 1311, 1316–17 (11th Cir. 2006) (quoting Ylst v. Nunnemaker, 501 U.S. 797, 803, 111 S. Ct. 2590, 2594, 115 L. Ed. 2d 706 (1991)); *see also* Harmon v. Barton, 894 F.2d 1268, 1273 (11th Cir. 1990) (noting that the "clear inference" to be drawn from a per curiam affirmance without written opinion is that the appellate court "accepted not only the judgment but the reasoning of the trial court.").

It is beyond dispute that counsel must be afforded to an indigent defendant at every "critical stage" of the criminal process, that is, one "where substantial rights of a criminal accused may be affected." Mempa v. Rhay, 389 U.S. 128, 134, 88 S. Ct. 254, 19 L. Ed. 2d 336 (1967). Thus, for example, when a defendant is sentenced following the revocation of his probation, due process requires that he be afforded counsel to represent him in that proceeding and that he be given the opportunity to be present and speak. *Id.* The Eleventh Circuit has extended this ruling to situations where the defendant is resentenced following the vacation of the original sentence, if the resentencing constitutes imposition of a new sentence. *See* Hall v. Moore, 253 F.3d 624, 627–28 (11th Cir. 2001) (absence of counsel at resentencing, following reversal of sentence on one count on direct appeal and remand to trial court for resentencing, violated defendant's Sixth Amendment right to counsel, where defendant's entire sentencing package had been set aside based on sentencing court's lack of jurisdiction, resentencing court did not conduct hearing to establish defendant was aware of disadvantages of self-representation, defendant never clearly declared to resentencing judge that he wanted to represent himself and that he did not want counsel's assistance, and resentencing court's actions were not merely ministerial in that it had discretion to sentence him to 12-17 years at lower end of Sentencing Guidelines range or to depart and impose life sentence); United States v. Taylor, 11 F.3d 149, 152 (11th Cir. 1994) (resentencing of defendant following

vacation of entire prior sentencing package involved imposition of sentence, requiring defendant's presence and opportunity to speak; if court had merely reduced sentence to non-enhanced statutory maximum and entered order amending original judgment and sentence, which court could have done and would have involved only modification of sentence, defendant's presence would not have been required); Johnson v. United States, 619 F.2d 366, 369 (5th Cir. 1980)[8] (resentencing of defendant following vacation of entire prior sentencing package involved imposition of sentence, requiring defendant's presence and representation by counsel).

Furthermore, the Eleventh Circuit, as well as the First, Fifth, and Eighth Circuits, has recognized a distinction between modifications of sentences and proceedings that impose a new sentence after vacation of the original sentence; in the former instance, the defendant's presence is not required. *See* United States v. Jackson, 923 F.2d 1494, 1496–97 (11th Cir. 1991) (where entire sentencing package has not been set aside, correction of illegal sentence does not constitute resentencing requiring presence of defendant, so long as modification does not make sentence more onerous); *see also* United States v. Barnes, 244 F.3d 172, 178 (1st Cir. 2001) (appellate court's remand to district court to reduce defendant's term of supervised release could be accomplished without reconvening sentencing hearing, since reduction did not disturb remainder of sentence); United States v. Gruenberg, 53 F.3d 214, 215 (8th Cir. 1995) (district court did not err in correcting defendant's sentence without his presence in court where net term of imprisonment originally imposed was not lengthened); United States v. Moree, 928 F.2d 654, 655–56 (5th Cir. 1991).

The Supreme Court has not explicitly extended the holding of Mempa to situations where the defendant is resentenced following the complete vacation of the original sentence and imposition of new sentence, *see* Schmidt v. McDonough, No. 5:04cv95/RS/AK, 2007 WL 2083643, at *13 (N.D. Fla. July 20, 2007), let alone to situations where a defendant's sentence is corrected in a collateral proceeding, such as the case here. Therefore, the state court's decision denying Petitioner the opportunity to be present and represented by counsel upon correction of his sentence cannot be contrary to or an unreasonable application of clearly established federal law. *See* Carey v. Musladin, 549 U.S. 70, 76–77, 127 S. Ct. 649, 654, 166 L. Ed. 2d 482 (2006) (given lack of holdings from

---

[8] Decisions rendered by the United States Court of Appeals for the Fifth Circuit prior to September 30, 1981 are binding as precedent on the Eleventh Circuit. Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981).

Case No. 3:08cv223/RV/EMT

Supreme Court regarding issue presented in § 2254 petition, it could not be said that the state court "unreasonably applied clearly established Federal law").

Additionally, the record demonstrates that in correcting Petitioner's illegal sentence, the state circuit court did not set aside and vacate "the entire sentencing package"; instead, the court left intact everything but the correction and reduction of Petitioner's sentence in Case No. 91-1351 to remove the HFO enhancement and directed the clerk of court to prepare and file an amended Judgment and Sentence (*see* Ex. J at 17). The correction of Petitioner's sentence in the Rule 3.800 proceeding did not constitute an imposition of sentence and thus was not a "critical stage" requiring Petitioner's presence or triggering the right to counsel. *See* Jackson, 923 F.2d at 1496–97; *cf.* Taylor, 11 F.3d at 152; *see also, e.g.*, United States v. Brewer, 360 Fed. Appx. 28, 29, 2010 WL 22847, at *1 (11th Cir. 2010) (unpublished) (rejecting defendant's claim that district court's denial of motion for resentencing hearing and resentencing him in absentia violated due process and equal protection where district court entered amended judgment, vacating conviction and sentence imposed on one count; district court did not alter sentences for remaining counts, and nothing in record suggested defendant did not have opportunity to challenge sentencing information and present mitigating evidence at original sentencing hearing); United States v. Orjuna, 351 Fed. Appx. 418, 420 (11th Cir. 2009) (unpublished) (defendant has no Fifth or Sixth Amendment right to be present at Rule 35(b) proceeding to reduce sentence because defendant faces no new threat of additional loss of liberty); Adams v. United States, 338 Fed. Appx. 799, 800–01 (11th Cir. 2009) (unpublished) (defendant not entitled to resentencing hearing upon district court's granting § 2255 motion to vacate sentence, where district court chose not to vacate original sentencing package in its entirety before modifying sentence by applying low end of adjusted Sentencing Guidelines range after one of defendant's state convictions, relied upon for sentence enhancement, was vacated); United States v. Malol, 315 Fed. Appx. 205, 208 (11th Cir. 2008) (unpublished) (defendant need not be present at resentencing to modify sentence to reflect only 33 counts of conviction instead of 36 because entire sentencing package was not set aside, and modification did not make sentence more onerous); United States v. Martinez, 292 Fed. Appx. 851, 853 (11th Cir. 2008) (unpublished) (defendant had no constitutional right to counsel during hearing on motion to reduce or amend

sentence, since there is no constitutional right to counsel in post–conviction proceedings);[9] Duharte v. McNeil, No. 08-20964-CIV, 2009 WL 377157, at *10 (S.D. Fla. Feb. 12, 2009) (federal habeas petitioner was not entitled to relief on claim that she was unlawfully denied representation from counsel when trial court reduced her sentences on two counts during postconviction proceedings from twenty (20) years to five (5) years, which was the statutory maximum; trial court did not set aside entire sentencing package and instead left intact everything but correction of certain sentences, which resulted in reduction of sentences; such downward correction did not constitute resentencing requiring presence of defendant, so her due process rights were not violated when she was not represented by counsel during sentence modification); Powell v. Hooks, No. 09-0065-CB-L, 2001 WL 397324, at *21 (S.D. Ala. Mar. 28, 2001) (issuance of order correcting erroneous Judgment and Sentence to state that petitioner's sentence was to run concurrently with, rather than consecutively to, another sentence did not qualify as "resentencing"; therefore, petitioner's presence was not required).

## V. CONCLUSION

Petitioner's Fifth and Sixth Amendment challenge to the state collateral proceeding are not cognizable in federal habeas. Even if his claim was cognizable, Petitioner has failed to establish that the state court's adjudication of his constitutional claim was based upon an unreasonable determination of the facts or contrary to or an unreasonable application of clearly established federal law. Accordingly, he is not entitled to federal habeas relief.

## VI. CERTIFICATE OF APPEALABILITY

As amended effective December 1, 2009, § 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing

---

[9] The undersigned cites Brewer, Orjuna, Adams, Malol and Martinez only as persuasive authority and recognizes that the opinions are not considered binding precedent. *See* 11th Cir. R. 36-2. Additionally, the sentences in Jackson, Brewer, and Martinez were corrected pursuant to former Rule 35(a) of the Federal Rules of Criminal Procedure (amended in 1991), which permitted a district court to correct "an illegal sentence" at any time, which is analogous to Rule 3.800(a) and (b) of the Florida Rules of Criminal Procedure, the procedural vehicle through which Petitioner sought and received correction of his sentence to remove the HFO enhancement in Case No. 91-1351 (*see* Ex. J at 1–10).

required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84, 120 S. Ct. 1595, 1603–04, 146 L. Ed. 2d 542 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

The second sentence of new Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is **ORDERED**:

The clerk of court is directed to change the docket to reflect that Edwin G. Buss is substituted for Walter A. McNeil as Respondent.

And it is respectfully **RECOMMENDED**:

1. That the petition for writ of habeas corpus (Doc. 1) be **DENIED**.
2. That a certificate of appealability be **DENIED**.

At Pensacola, Florida, this 3rd day of February 2011.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**